### LEHIGH VALLEY R. CO. v. KRUSZCKENSKI.

(Circuit Court of Appeals, Second Circuit. December 11, 1917.)

No. 81.

MASTER AND SERVANT ☞279(5)—INJURIES TO SERVANT—NEGLIGENCE OF MASTER.

In an action by plaintiff, injured in unloading a grain car, it appearing that his ankle was caught by the rope attached to the large scoop, which his fellow servant used, and which was operated by machinery, evidence *held* insufficient to disclose any negligence on the part of the defendant master.

In Error to the District Court of the United States for the Southern District of New York.

Action by Joseph Kruszckenski against the Lehigh Valley Railroad Company. There was a judgment for plaintiff, and defendant brings error. Reversed.

Alexander & Green and Allan McCulloh, all of New York City (Clifton P. Williamson and Edward W. Walker, both of New York City, of counsel), for plaintiff in error.

Stephen A. Machinski, of New York City (John C. Robinson and Vine H. Smith, both of New York City, of counsel), for defendant in error.

Before WARD and ROGERS, Circuit Judges, and LEARNED HAND, District Judge.

WARD, Circuit Judge. This is a writ of error to a judgment rendered on the verdict of a jury in favor of the plaintiff for personal injuries.

April 13, 1916, about 11:30 p. m., the plaintiff, who had been in the employment of the defendant for 10 years, was with another fellow servant, in a box car, engaged in unloading grain into a chute leading to an elevator at Black Tom, Jersey City, in pursuance of a well-understood practice, which is as follows: Each man had a wooden shovel 34 inches wide and 30 inches high, with two handles at the top and a bridle chain fixed at the corners of the bottom and attached to a rope running through a sheave outside of and opposite the side of the car door, and from thence to a shaft on the elevator operated by steam power. The sheaves were 3 feet 3 inches apart. The plaintiff stood at one corner of the car, and his partner at the other corner, and their

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ropes crossed. Each man had a helper outside the car to hold his rope. When the helper lets go, the shaft begins to pull the rope, and the man in the car holds the shovel like a plow, pushing the grain forward to the chute opposite the door. While he is pushing forward, his partner is walking back with his shovel. When the first man reaches the door of the car, his helper stops the shaft from winding up his rope, and he walks back to his corner, while the helper of the other man lets go, and he moves forward from his corner with his shovel, pushing the grain toward the door. The ropes cross each other in reaching their respective sheaves.

The plaintiff and his witnesses testified that the assistant foreman ordered him to take his rope from under and put it over his partner's rope. At this time the car was quite full of grain, neither shovel was moving, he was standing near the door of the car, and his partner standing back in his own corner. Immediately after he had made this change and was stepping back, the assistant foreman ordered his partner's helper to let go, with the result that his partner's rope looped tight around the ankle of his left leg, dragging him to the sheave at the door of the car, and causing him severe injuries.

The trial judge submitted the question of negligence to the jury as follows:

"The charge in the complaint is of rather a general character; that is, it is not very clearly indicated just what negligence on the part of the defendant it is claimed resulted in the injury, but in the course of the trial counsel for the plaintiff contended for two different grounds of negligence: One, that the defendant company failed to use due prudence in directing the plaintiff to make the change in the ropes at the time in question in a certain way, after the plaintiff had started to make the change in a different way, which it is contended would be the safer way; second, the charge is that after this change was made, or while it was being made, and before the plaintiff could take a position of safety, the plaintiff's foreman or assistant foreman in charge of the work gave a signal, to one of the other employés, as the result of which the machinery was started in motion and one of the ropes became entangled with the plaintiff's leg, resulting in the injury.

"As you have probably already heard me say, and I say now to you, there is not sufficient evidence to warrant a verdict upon the first ground; that is to say, there is no evidence tending to show that the method of changing the ropes, which the plaintiff claims he was directed to use, was more dangerous than that which he started to use; and that leaves only one possible ground upon which, or one possible respect in which, you may possibly find the defendant guilty of any negligence. I say possibly, because, under the instructions which I am giving to you, it is for you to determine the issues of fact where the evidence is conflicting, and it is for you to draw the proper inferences where the evidence is of such a character that two different inferences may be drawn. * * *

"You will understand that the defendant company as all other corporations, must act through its officers or employés, and it is not to be held responsible here for this accident, unless its foreman or assistant foreman was negligent; that is, acted carelessly; and I have to say to you that, generally speaking, the definition of negligence or carelessness, as the term is used in an action of this kind, is the doing of something which, under all the circumstances under which it is done, an ordinarily prudent man, with proper regard for the welfare of others, would not have done, or the leaving undone of something which, under all the circumstances, an ordinarily prudent man would have done. So that the question is: Did the foreman or his assistant negligently (as I have defined that term) give the signal resulting in the starting of the machinery?"

The testimony of the plaintiff and of his witnesses is that, when he put his rope over his partner's, both were covered by the grain; his partner's being loose. They could not be seen, and the plaintiff, in making the change, did not even feel his partner's rope. Conceding that the defendant is responsible for the act of the assistant foreman, if it was negligent, we fail to discover any evidence of negligence. The practice being pursued was an operation familiar to all concerned and entirely safe in its nature. The particular danger which developed was peculiar, not to be anticipated, and not obvious. But for it the foreman's order to let go was proper and timely. The plaintiff himself, who was in the best position to know, did not know that his partner's rope was in dangerous proximity to his left leg. How, then, can it be said that the assistant foreman was wanting in ordinary and reasonable care for not knowing or foreseeing this when he gave the order to let go? We think what happened was a pure accident, and a verdict should have been directed for the defendant.

The judgment is reversed.